IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SYVENO JEWELL WRIGHT<br><br>    Plaintiff,<br><br>vs.<br><br>JANNE JOHNSON AND MARY BENSON<br><br>    Defendants. | No. 12-CV-4095-DEO<br>    11-CV-4003-DEO<br><br>INITIAL REVIEW ORDER |

I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Syveno Wright's [hereinafter Mr. Wright] Motion for Leave to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and 42 U.S.C. § 1983 Complaint. Mr. Wright is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee Iowa.[1]

II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited October 23, 2012.

Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. *Id.* However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982), stating that individuals

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited October 23, 2012.

who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and *Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied Michau v. Charleston County*, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also *Kansas v. Hendricks*, 521 U.S. 346, 365-69(1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir.2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

*Id*. at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the

---

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

3

following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff's application substantially meets the above requirements. **Therefore, Mr. Wright's Motion to Proceed in Forma Pauperis is granted. The Clerk of Court shall file Mr. Wright's Complaint. No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if the Petitioners's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than

formal pleadings as drafted by a lawyer." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." *Id.* at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

## IV. ISSUE AND ANALYSIS

In his Complaint, Mr. Wright alleges that the Defendants, nurses at CCUSO, violated his rights by failing to provide competent medical care. Specifically Mr. Wright alleges that the defendants failed to properly diagnosis his prostate cancer.

The Court is aware that Mr. Wright currently has another § 1983 action pending against Defendant Janne Johnson, alleging, among other things, deficient medical care. See 5:11-CV-4003, Docket # 18, Pro Se Complaint, where Mr. Wright alleges Defendant Johnson "looks for ways to save the State of Iowa money" and that she determined that Mr. Wright did not need medical treatment for a stab wound.

According to Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the

court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "[C]onsolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court...In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. Pigott v. Sanibel Dev., LLC, 2007 WL 3245019 (S.D. Ala. 2007). It seems clear that this case, 12-CV-4095 will involve common issues of fact with 11-CV-4003. Both cases raise questions regarding the conditions at CCUSO and the patient's ability to receive competent medical care. In both cases, Mr. Wright has named Nurse Johnson as a Defendant. There is little risk of prejudice or confusion if these claims are consolidated. Judicial economy as well as convenience of the parties weighs in favor of consolidation. **Accordingly, the Court orders 12-CV-4095 consolidated with 11-CV-4003.**

Nurse Benson is not currently a party to 11-CV-4003. Under Federal Rules of Procedure 19 and 21, the Court may order the joinder of necessary parties. The Court will enter a separate order joining Nurse Benson in 11-CV-4003.

**V.  OTHER ISSUES**

Mr. Wright filed an application to appoint counsel. Because counsel has already been appointed in 11-CV-4003, the issue has been rendered moot.

**VI. CONCLUSION**

For the reason set out above, Mr. Wright's application to proceed in forma pauperis is granted. The Clerk of Court shall file the Complaint, and no filing fee will be assessed. The Clerk of Court shall serve the parties by sending by certified mail as set out on the attached service forms. Further, it is ordered that this claim is consolidated with Mr. Wright's pending § 1983 action, 11-CV-4003. The case will continue as 11-CV-4003. His application for the appointment of counsel in 12-CV-4095 is rendered moot. The Clerk of Court will send a copy of this ruling to the parties of record in Mr. Wright's pending case 11-CV-4003.

**IT IS SO ORDERED** this 28th day of November, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

**NOTICE OF LAWSUIT**
**and REQUEST FOR**
**WAIVER OF SERVICE OF SUMMONS**

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| **SYVENO JEWELL WRIGHT**, | |
| Plaintiff, | No. 12-CV-4095-DEO[4] |
| v. | **INITIAL REVIEW ORDER** |
| **JANNE JOHNSON and MARY BENSON** | |
| Defendants. | |

_____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: _____.

    I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this _____, 2012.

                                                                                 Signature (Clerk's Office Official)
                                                                                     Northern District of Iowa

---

[4]This case is consolidated into 11-CV-4003-DEO and is the lead case for docketing purposes pursuant to Court Order.

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after _____, to the United States Clerk's Office in the envelope provided.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **SYVENO JEWELL WRIGHT,** | |
| Plaintiff, | No. 12-CV-4095-DEO[5] |
| v. | INITIAL REVIEW ORDER |
| **JANNE JOHNSON and MARY BENSON** | |
| Defendants. | |

_____

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____, (the date Notice, Waiver and corresponding documents were sent).

Date _____     Signature _____
                     Printed name _____
                     As _____ of _____
                         (Title)         (Entity)

---

[5]This case is consolidated into 11-CV-4003-DEO and is the lead case for docketing purposes pursuant to Court Order.

**Address Form**

Case Number: 12-CV-4095-DEO[6]                Date: _____

To:     Clerk of Court
RE:    Service on Named Defendants

       Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:     **ALL DEFENDANTS**
                   **c/o Civil Commitment Unit for Sexual Offenders**
                   **1251 West Cedar Loop**
                   **Cherokee, Iowa 51012**

                   **Gretchen Witte Kraemer**
                   **Department of Justice**
                   **Regents and Human Services Division**
                   **Hoover Building**
                   **Des Moines, Iowa 50319-0109**

---

[6]This case is consolidated into 11-CV-4003-DEO and is the lead case for docketing purposes pursuant to Court Order.