# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **SYVENO JEWELL WRIGHT**, Plaintiff, vs. **JANNE JOHNSON AND MARY BENSON**, Defendants. | No. **11-CV-4003-DEO** <br><br> **ORDER** |

## I. INTRODUCTION AND HISTORY

Currently before the Court is Defendants' Motion for Summary Judgment, Docket No. 33. In his Complaint, Plaintiff Syveno Wright's [hereinafter Mr. Wright] claims that Defendants Janne Johnson and Mary Benson were deliberately indifferent while treating Mr. Wright's prostate issues, which ultimately turned out to be cancer. Mr. Wright is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited September 17, 2014.

The parties appeared for a hearing on the Motion for Summary Judgment on September 16, 2013. On September 30, 2013, the Court entered an Order denying the Defendants' Motion for Summary Judgment.[2] Docket No. 48. Specifically, the Court stated that there were legitimate issues of material fact regarding whether the Defendants were deliberately indifferent and whether the alleged deliberate indifference violated clearly established law. Accordingly, the Court allowed Mr. Wright's claim against Ms. Johnson and Ms. Benson to proceed and denied the Defendants' argument that they were entitled to qualified immunity. Docket No. 48.

The Defendants appealed the decision to the 8th Circuit Court of Appeals. In the appeal, the Defendants' argued that this Court erred in denying the Defendants' argument that they were entitled to qualified immunity. On August 6, 2014, the 8th Circuit entered an Order reversing this Court's decision related to qualified immunity. Wright v. Johnson, 13-3344,

---

[2] In that same Order, the Court granted the Defendants' Motion for Summary Judgment related to a different deliberate indifference claim raised by Mr. Wright. The Court also denied the Defendants' Motion to Dismiss on statute of limitation grounds. See Docket No. 48.

2

2014 WL 3843978 (8th Cir. 2014). The Mandate for that decision issued on August 28, 2014. Docket No. 59.

**II. ANALYSIS**

In their opinion, the 8th Circuit stated:

> we conclude defendants are entitled to qualified immunity and remand for further proceedings. The summary judgment evidence, viewed in a light most favorable to Wright, established Wright had annual physical examinations while confined at CCUSO through December 2008, and he did not complain of health problems or urinary issues through that time. He first complained to Johnson in March 2009 about needing to urinate at night so frequently that he kept a coffee jar near his bed to use as a urinal, and, after she told him to decrease his evening fluid intake, Wright did not complain to her again or report back to her that decreasing his fluid intake at night had not resolved his problem. Wright then refused an annual physical in 2010, and Benson administered a PSA test before his 2011 annual physical, when Wright was 49. Upon detecting a risk of prostate cancer as a result of his elevated PSA, Benson referred Wright to a urologist, who performed a biopsy and ultimately a prostat-ectomy. Defendants did not advise Wright, who routinely had refused a digital rectal examination during his physicals, that such examinations were necessary to detect possible prostate cancer, or offer a male-administered exam; and they did not ascertain his family history, which included his father's death of prostate cancer at about 52, until after Benson had administered the PSA test. We

> conclude, however, upon de novo review, see Stoner v. Watlingten, 735 F.3d 799, 802 (8th Cir. 2013), that the evidence established defendants were entitled to qualified immunity, because the medical care they provided was at most negligent, see Fourte v. Faulkner County, Ark., 746 F.3d 384, 387–90 (8th Cir. 2014) (plaintiff had well-established right not to have known, objectively serious medical needs disregarded; serious medical need is one that has been diagnosed by physician as requiring treatment or one that is so obvious that even layperson would easily recognize need for doctor's attention; deliberate indifference is more than negligence or even gross negligence); Scott v. Benson, 742 F.3d 335, 339–40 (8th Cir. 2014) (deliberate indifference standard applies to claims of constitutionally deficient medical care brought by persons involuntarily committed at CCUSO).

Wright, 2014 WL 3843978 at 1.[3]

Based on the decision of the 8th Circuit, Defendants Johnson and Benson are entitled to qualified immunity. Accordingly, there are no non-immune Defendants remaining and the Defendants are entitled to summary judgment. Mr. Wright's case must be dismissed.

---

[3] A PSA is a prostate exam, a prostat-ectomy is the removal of the prostate.

4

**III. CONCLUSION**

Based on the decision of the 8th Circuit Court of Appeals, the Defendants are entitled to qualified immunity and their Motion for Summary Judgment, Docket No. 33, must be granted. Accordingly, Plaintiffs' pro se Complaints, Docket Nos. 18 and 24, are denied and his case is dismissed.

**IT IS SO ORDERED** this 19th day of September, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa